CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 19 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERENCE DE'SHAY CLEMENTS, #314338, Petitioner, | Civil Action No.7:05cv00153 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA, Respondent. | By: Jackson L. Kiser Senior U.S. District Judge |

Petitioner Terence De'Shay Clements, #314338, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his April 25, 2001 convictions in the Campbell County Circuit Court for one count of malicious wounding, one count of abduction with the intent to defile, and one count of attempted rape. Because it is clear from the petition that this action is barred by the relevant statute of limitations, I shall dismiss this petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which allows a district court to dismiss a petition for writ of habeas corpus without requiring a response from the respondent if it is clear from the face of the petition and its attachments that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following: (1) the date on which the judgment of conviction becomes final, (2) the removal of some governmental impediment to filing the petition, (3) the date on which the legal predicate for the petition was initially recognized by the Supreme Court of the United States or (4) the date on which the factual predicate for the petition could have been discovered through the exercise of due diligence. Section 2244 also provides for tolling of the statute of limitations during the pendency of a properly filed application for post-conviction relief

in state court.

According to the petition, Clements was sentenced on April 25, 2001. By order of this court entered on March 17, 2005, petitioner was directed to provide information to demonstrate the timeliness of his petition, including whether he has presented his current claims to the Campbell County Circuit Court in habeas proceedings and if so, the date on which he filed such a petition, whether he has presented his current claims to the Supreme Court of Virginia in an appeal from a circuit court decision denying his habeas petition and the date upon which the Supreme Court of Virginia denied his appeal, and the date upon which he presented his current claims in any habeas petition filed directly in the Supreme Court of Virginia and the date on which such petition was denied. Petitioner responded to the court's order and stated that the Virginia Court of Appeals denied his direct appeal on September 9, 2002. Although unclear from the petition, it appears that this was affirmed by a three judge panel on December 9, 2002. On October 2, 2003, Clements then filed a habeas petition in the Supreme Court of Virginia; it was dismissed on July 2, 2004.

Clements's conviction became final on December 9, 2002 when he failed to appeal the decision of the Virginia Court of Appeals. He then had one year from that date, until December 9, 2003, in which to file a timely petition pursuant to 28 U.S.C. § 2254, unless such period was tolled by state habeas proceedings. Clements filed his state habeas petition on October 2, 2003. Accordingly, the one year period was tolled from that date until July 2, 2004, when that petition was denied. Clements thereafter had, at most, three months in which to file a timely federal habeas petition. Clements did not file the instant petition until, at the earliest, February 2, 2005, well after

the statute of limitations on his federal claim had expired.[1] Clements has not otherwise made any showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d). Inasmuch as he did not file the instant petition until February 2, 2005, it is clearly outside the statute of limitations imposed by § 2244(d) and I shall deny relief on that basis.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

ENTER: This 19th day of April, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Judge

---

[1] Although the petition is dated February 2, 2005 it was not received by the court until March 17, 2005. In any event, it is clear that more than three months had elapsed since a decision was rendered on his state habeas petition.