The file contains my order of 4-19-05 dismissing this case. Why the opinion now?

7:5CV153

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 27 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TERENCE CLEMENTS, #314338,       )
    Petitioner,                           )          Civil Action No.7:05cv00153
                                          )
v.                                )          __MEMORANDUM OPINION__
                                          )
COMMONWEALTH OF VIRGINIA,         )          By: Jackson L. Kiser
    Respondent.                           )          Senior U.S. District Judge

Petitioner Terence Clements, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Clements was convicted, by the court sitting without a jury, on April 25, 2001 in the Campbell County Circuit Court for abduction with intent to defile, attempted rape, and malicious wounding. He was sentenced pursuant to the above convictions on January 17, 2002 to serve a total 35 years in prison, with all but five years suspended. Clements now raises several challenges to the validity of his confinement upon these convictions.

The respondent has filed a motion to dismiss Clements's petition. The court notified Clements of the respondent's response and motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment may be granted for the respondent if he did not respond to the motion. Clements has responded to the respondent's motion to dismiss, thus making the motion to dismiss and the underlying petition ripe for consideration. Upon review of the record, I conclude that the motion to dismiss must be granted.

## I.     Procedural History and Current Claims

Clements was convicted on April 25, 2001 in the Campbell County Circuit Court for

abduction with intent to defile, attempted rape, and malicious wounding. He was sentenced pursuant to those convictions on January 17, 2002 to serve twenty years for the abduction, ten years for the attempted rape, and five years for the malicious wounding. The court suspended all but five years of those sentences.

Clements appealed his convictions to the Court of Appeals of Virginia, but the appeal was dismissed on September 9, 2002 and the denial order was affirmed by a three judge panel of that court on December 9, 2002. Clements's subsequent appeal to the Supreme Court of Virginia was refused on May 6, 2003; his petition for rehearing was denied on June 6, 2003.

On October 2, 2003 Clements filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Clements raised numerous claims of substantive error, prosecutorial misconduct, and ineffective assistance of counsel. The respondent filed a motion to dismiss, and on July 2, 2004 the Supreme Court of Virginia issued a judgment order denying and dismissing Clements's petition. The court found that several of Clements's were defaulted pursuant to the rule of Slayton v. Parrigan, 215 Va. 27 (1974) or were procedurally barred under Virginia Code § 8.01-654(A)(2). All other claims were dismissed on their merits. On September 9, 2004, petitioner filed a subsequent habeas petition in the Supreme Court of Virginia. By order entered November 18, 2004, the Supreme Court dismissed the petition sua sponte, finding that the petition was barred under Virginia Code § 8.01-654(A)(2).

Clements has now filed this federal petition, which the court construes as raising the following grounds for relief:

1.  Prosecutorial Misconduct
    a.  The prosecutor claimed to have sent the letter purportedly written by Shannon Funk, the victim, to be tested and claimed to have the letter compared with letters

2

submitted in the petitioner's case in Lynchburg. However, no letters were presented in Lynchburg and there was no preliminary hearing in Lynchburg. No original certificate of analysis was ever located for the letter submitted in Campbell County.

b.    The prosecutor presented perjured testimony from Mrs. Fendlay. Mrs. Fendlay testified that the petitioner's attorney had produced a letter in the Lynchburg case.

c.    The Commonwealth claimed that the state laboratory had tested the letter and issued a certificate dated October 26, 2001, but the court expressed that it had never seen such a certificate and one was no filed in the case.

d.    The prosecutor introduced false testimony and false evidence and brought up the Lynchburg case in order to impugn the petitioner's character.

e.    Throughout the case, the prosecutor made material misstatements of law and fact.

f.    The prosecutor made misstatements in her briefs made in opposition to defendant's appeals made in the Court of Appeals and the Supreme Court of Virginia.

g.    The prosecutor failed to disclose the test results of a voicemail tape that was submitted as defense evidence. Judge Johnston directed that the tape recording be tested, but the prosecutor withheld the test results. The test results could have been used to impeach the testimony of the Commonwealth's key witness.

h.    At the sentencing hearing, the prosecutor did not reveal that Shannon Funk had acquired charges of assault and battery and was being held in custody.

i.    There is no evidence that the Commonwealth sent anything to the forensic laboratory because there was no original certificate of analysis produced or found in the court file.

j.    The Commonwealth introduced evidence that was obtained without a warrant and without the petitioner's consent in violation of the Fourth Amendment.

k.    The Commonwealth's withholding of the voicemail test results also constituted obstruction of justice.

l.    The prosecutor failed to advise the judge that she had samples of the petitioner's handwriting and instead had a search warrant issued to search the petitioner's jail cell in order to obtain items containing his handwriting.

3

m. The Commonwealth hid the fact that Shannon Funk sustained injuries from running from the police when the police tried to question her about the petitioner's complaint that she and her male companion had attempted to rob him. The Commonwealth submitted the photographs claiming that the injuries depicted were caused by the petitioner.

n. The Commonwealth claimed that Shannon Funk received 16 stitches, but the Commonwealth never produced a medical report to support the claim of injury.

o. It was improper for the Commonwealth in the opening statement to accuse the petitioner of three abductions and sexual assault when the petitioner was not charged with those offenses.

q. The prosecutor stated that the petitioner had tried to have sex with the victim before the incident. However, there was no testimony that he had tried to previously have sex with her. The evidence was inflammatory.

2. Due process violations

a. The Commonwealth violated <u>Brady v. Maryland</u> by failing to disclose the results of the testing of the voicemail message. The test could have impeached the complaining witness and could have changed the outcome of the proceedings. It also violated the court's order.

b. It was a due process violation that the Commonwealth did not disclose that Shannon Funk had acquired new charges of assault and battery and was being held in custody. Trial counsel Curtis Thornhill told the petitioner that the Commowealth had promised not to prosecute her for her probation violation if she would testify against the petitioner.

c. The victim wrote a letter saying that she was pressured into testifying when she did not want to. The Commonwealth claims that Shannon Funk did not write the letter.

d. Shannon Funk was injured as she ran away from the police. The Commonwealth introduced photographs of the injuries from running from the police. The Commonwealth falsified evidence.

e. It was a due process violation for the judge to disregard the fact at sentencing that the petitioner identified Shannon Funk's male companion at the jail as Chris Watts. If the matter had been investigated in could have impeached Funk.

3. Ineffective Assistance of Counsel

a. Trial counsel Curtis Thornhill admitted to petitioner after the reconsideration

4

hearing that he was a friend of Shannon Funk and Funk's friend, Jason Lacy. Mr. Thornhill admitted that he had talked to Mr. Lacy about the petitioner's defense prior to Mr. Lacy leaving for the Navy. After Mr. Thornhill told the petitioner about this, the petitioner asked Mr. Thornhill to withdraw from the case due to the conflict of interest. During the motion for withdrawal, Mr. Thornhill would not state the reason for the withdrawal.

b.  Trial counsel Mr. Thornhill failed to object to the introduction by the Commonwealth of photographs of the petitioner's apartment and cat. The photographs were obtained without a search warrant and without the consent of the petitioner. Mr. Thornhill failed to move to suppress the photographs which were seized in violation of the Fourth Amendment.

c.  Trial counsel failed to meet with the petitioner except for the day before trial. All other correspondence was by letter.

d.  Trial counsel submitted into evidence the transcript of a taped interview which transcript had been altered by Investigator Scott. Counsel would not argue that the transcript had been altered.

e.  Trial counsel failed to object when the Commonwealth interjected the Lynchburg case into the Campbell County case. The two cases were unrelated and the petitioner had yet been tried in Lynchburg.

f.  Trial counsel claimed to have a letter from the Lynchburg case. Counsel did not receive the letter from petitioner, there was no letter in the Lynchburg case, and it would be illogical for Mr. Thornhill to have anything from the Lynchburg case because he did not represent petitioner in that matter.

g.  Trial counsel failed to object to the Commonwealth's misstatement of facts throughout the trial. He failed to object to the prosecutor's reference to three abductions when the petitioner was not charged with three abductions. He failed to object to the prosecutor's reference in opening statement to sexual assault and assault when the petitioner was not charged with those offenses.

h.  Trial counsel failed to introduce medical reports and photographs of the petitioner's injuries, which could have impeached the complaining witness.

i.  Trial counsel failed to call valuable witnesses who could have impeached Shannon Funk's testimony and changed the outcome of the proceeding.

j.  Trial counsel failed to introduce photographs of the petitioner's car in the ditch, that failure prejudiced the petitioner.

5

k.   Sentencing attorney Joseph Massie, III, failed to argue that the photographs of the apartment and the cat were obtained without a warrant and without the petitioner's consent. If Mr. Massie had made a motion at sentencing that the photographs had been illegally obtained, the Commonwealth would have had to forfeit the proceedings.

l.   Mr. Massie failed to move the court at sentencing to reveal the test results of the voicemail tape. The voicemail tape and its test results could have impeached the testimony of the complaining witness.

m.   Mr. Massie told the petitioner moments before the sentencing hearing that he was delivering a message from Judge Johnston that if the petitioner took responsibility for the charges, the judge would impose a lenient sentence. The petitioner was given a script to recite at the hearing. Furthermore, the sentencing date was changed without the petitioner's knowledge.

n.   Mr. Thornhill's failure to confirm the status of the petitioner's prior convictions and background permitted the judge to accuse the petitioner of being charged with offenses with which he had never been charged. After the petitioner advised Mr. Thornhill of the error, Mr. Thornhill did nothing to correct the error. This allowed the petitioner's character to be slandered.

o.   Mr. Thornhill erred in his failure to present substantive evidence that Shannon Funk gave two interviews to Investigator Scott. In the first one she did not say anything about the petitioner's apartment. In the second interview, after she was shown photographs of the apartment, she changed her story.

p.   Mr. Thornhill erred in failing to object to the trial judge's comment that the petitioner's act of hitting Shannon Funk with a bottle constituted attempted rape. The judge's accusation does not comport with the statutory definition of the crime.

q.   Mr. Thornhill failed to bring up at the reconsideration hearing the fact that the Commonwealth never established where the crimes occurred. It is possible that the crimes occurred in Bedford County.

r.   Mr. Thornhill failed to raise double jeopardy. If he had raised that issue, the charges would have been dismissed.

s.   Mr. Thornhill failed to cite the police for mishandling the knife. If the knife had been properly handled and sent for examination, Shannon Funk's fingerprints would have been discovered on it and the petitioner's blood would have been

6

found on the blade.

t.     Sentencing counsel, Mr. Massie, failed to move the court to the investigate or dismiss when the petitioner identified in the jail Shannon Funk's male companion from the night in question.

4.    The trial court abused its discretion

a.    The trial judge ignored and overlooked Shannon Funk's changes to her story multiple times during the trial. Her multiple stories should have impeached her testimony.

b.    The judge erred in letting the Commonwealth admit evidence which was purported to be from the Lynchburg trial, when that case was unrelated to the Campbell County charges and had not been tried.

c.    The judge erred in admitting testimony of Patrick Fendlay, the mother of the victim in the Lynchburg case. The testimony had nothing to do with that Campbell County case and lacked an indicia of reliability.

d.    The judge erred by suggesting that the evidence be obtained from the Lynchburg matter. The constitutes government intrusion.

e.    The judge erred in allowing the Commonwealth to refer to descriptions, statements, and testimony of charges the Commonwealth had never charged.

f.    The judge erred in allowing the Commonwealth to use the same elements for the abduction and the attempted rape. There was no medical evidence to support the charge of malicious wounding.

g.    The judge erred in relying on the testimony of Shannon Funk regarding the severity of her injuries. There was no expert testimony or a medical report. The Commonwealth did not prove intent to maim, disfigure, disable, or kill.

h.    The judge could not have found beyond a reasonable doubt that the petitioner was guilty of abduction with intent to defile. The Commonwealth did not provide intimidation or deception. There was no testimony of ripped clothing or a medical report. There was no evidence of any sexual crime or misconduct. The judge disregarded Mr. Thornhill's motion to strike.

i.    The judge could not have found the petitioner guilty of both abduction with intent to defile and attempted rape. The Commonwealth used the same elements to accuse the petitioner of both charges.

7

j.     The judge erred in stating that because the petitioner hit the victim with a bottle he was guilty of attempted rape. Hitting someone with a bottle does not constitute attempted rape.

k.     The judge accused the petitioner of calling the police to cover up his crimes. Such statements were improper, speculative, and prejudicial.

l.     The judge accused the petitioner of charges he had not been charged with in the past.

m.     The judge relayed a message to sentencing counsel, Mr. Massie, that if the petitioner took responsibility for the crimes the judge would impose a low sentence. The petitioner was given a script to recite at the sentencing hearing. This was an abuse of authority, intimidation, conspiracy, and misconduct by the judge.

n.     After sentencing, the judge invited Mr. Massie and the Reverend Motley into his chambers and told them that he believed the petitioner, but the petitioner had not shown proof. If the judge had a doubt, he should have dismissed the case.

o.     The judge looked at trial at photographs of the petitioner's bed and bedspread, which was striped. The victim alleged that the bedspread was checkered.

p.     The judge disregarded the fact at sentencing that the petitioner had identified the victim's companion.

5.     Double Jeopardy - The prosecutor used the same elements to charge the petitioner for abduction with intent to defile and attempted rape. This constituted double jeopardy in violation fo the Fifth and Fourteenth Amendments.

6.     Search Without a Warrant or Consent - Campbell County Investigator Scott took photographs of the petitioner's home and cat and searched the home without a warrant or the petitioner's consent.

7.     State Witness Bribed Judicial Officials - Mrs. Patrick Fendlay wrote a letter stating that her money got the petitioner convicted. She also used vulgar language and threatened the petitioner. She wrote many threatening and harassing letters. Investigators Dowdy and Keessee have the letters.

8.     Speedy Trial Violation - It took six months after the preliminary hearing for the trial to occur. There was never a hearing to postpone the trial. Virginia law requires that the trial begin within five months after the preliminary hearing if the defendant is in custody. The Sixth Amendment protects the right to a speedy trial.

8

9.   Accused of Acts that did not Occur in Campbell County - The Commonwealth accused the petitioner of attacking the victim in a cul-de-sac in Forest. That area is in Bedford County.

10.  Police Mishandled Evidence - Deputy Emerson did not preserve the knife that the complaining witness and her companion used to attack the petitioner and in the attempt to rob him. If the deputy had preserved the knife and had it tested, it would have impeached the victim by showing her fingerprints on the handle and the petitioner's blood on the knife.

11.  Evidence from Lynchburg - The trial judge erred in admitting evidence of charges from the Lynchburg case when the petitioner had not yet been tried in Lynchburg.

12.  Perjured Testimony - Mrs. Fendlay, Shannon Funk, and Investigator Scott presented perjured testimony during the proceedings.

13.  Obstruction of Justice - The prosecutor withheld the test results concerning the voicemail tape recording.

14.  Tampering with or Fabricating Physical Evidence
     a.   Campbell County Investigator Scott altered the interview transcript. The altered transcript was introduced into the proceedings.

     b.   The prosecutor introduced into the Campbell County case false evidence pertaining to the Lynchburg case. She claimed to have obtained evidence from the Lynchburg Circuit Court, but the petitioner's trial in Lynchburg occurred a year after the Campbell County matter.

     c.   The prosecutor falsely said she had evidence from the petitioner's Lynchburg case and introduced false testimony from witness Patrick Fendlay.

     d.   The prosecutor did not submit the original certificate of analysis for the letters the prosecution claimed had been tested.

     e.   The prosecutor introduced photographs of Shannon Funk's injuries, which were actually received when Funk ran from the police.

     f.   Court papers were forged. The petitioner's name was forged on the continuance agreement and order.

15.  Investigator Scott Assaulted the Petitioner - Investigator Scott came to the jail to talk with the petitioner in one of the jail classrooms. Scott wanted the petitioner to write what Scott dictated to him. When the petitioner refused, Scott hit him in the face.

9

16. Investigator Scott Interviewed the Victim Twice - Investigator Scott had two interviews with the victim at the Lynchburg Detention Home. At trial he said that the victim and her mother came to the sheriff's office. The victim was pressured by Scott to give him the second interview.

## II.    Analysis

### A.    Claims 1 and 2

Clements raises multiple claims of prosecutorial misconduct and violations of his due process rights which allegedly arose during his trial in claims 1 and 2. Respondent argues that because the basis of these claims were available at trial and could have been pursued on appeal, they are procedurally defaulted from being raised in the current habeas proceedings.

When a state court has expressly dismissed a claim based on an adequate and independent state law ground, such as procedural default, federal review of that claim is barred, absent a showing of either cause for the default and resulting prejudice or actual innocence. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). Here, the Supreme Court of Virginia dismissed these claims because they could have been raised at trial or pursued during direct appeal proceedings. Federal courts have found this procedural requirement to be an independent and adequate state law ground barring federal habeas review. Murray, 477 U.S. at 495-96; Teague, 489 U.S. 288.

Furthermore, I find that these claims are not cognizable in a habeas corpus proceeding. Slayton v. Parrigan, 215 Va. 27 (1974). In Slayton, the court held that a petitioner lacked standing and was thus procedurally defaulted from raising claims in habeas proceeding which could have been raised during the trial or on appeal. Id. at 29. In this instance, because Clements could have raised these claims during trial or appellate proceedings, they are procedurally barred

10

from federal habeas review, absent a showing of cause and prejudice or actual innocence. Murray, 477 U.S. at 495-96.

Clements has not demonstrated cause for his procedural defaults. Proof that counsel provided ineffective assistance at trial as defined in Strickland v. Washington, 466 U.S. 668 (1984), can serve as cause for default of a claim that could have been raised in direct appeal proceedings. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). However, as discussed below, all of Clements's claims that trial counsel provided ineffective assistance are without merit; as such, they cannot serve as cause to excuse procedural defaults of other claims.

Clements presents his actual innocence claim, if at all, in claim 12. However, Clements has failed to present any evidence to support that claim. "Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution–not to correct errors of fact." Herrera v. Collins, 506 U.S. at 400. Such "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner [can] pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404. To open the "actual innocence" gateway, Clements must demonstrate that in light of "new reliable evidence . . . that was not presented at trial" and all other available evidence, it is more likely than not that no reasonable juror would find him guilty. Schlup v. Delo, 513 U.S. 298, 324-37 (1995).

Clements argues that the victim, the mother of the victim in the Lynchburg case, and a police investigator committed perjury. However, Clements has not provided any evidence beyond his claims that the testimony was false. Considering all the evidence against Clements and his failure to provide any evidence in support of his allegation of actual innocence, I conclude that a

11

reasonable juror could convict Clements of abduction with intent to defile, attempted rape, and malicious wounding. Thus, Clements's allegation is insufficient to create reasonable doubt of his guilt and therefore fails to demonstrate "actual innocence" so as to excuse his procedural defaults. <u>Schlup</u>, 513 U.S. at 324-37. Therefore, I will grant respondent's motion to dismiss as to these claims.

### B. Claim 3

In claim 3, Clements raises numerous allegations of ineffective assistance of counsel. The Supreme Court of Virginia specifically addressed the merits of Clements's claims of ineffective assistance of counsel during his habeas proceedings.

Under 28 U.S.C. § 2254(d) a federal petition for writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). Accordingly, habeas relief is appropriate only if the state court's decision was contrary to Federal law or was clearly contrary to the facts presented during the proceeding. <u>Id</u>. A state court decision is contrary to federal law when it contradicts precedent set by the United States Supreme Court as to a question of law or if the state court confronts facts which are materially indistinguishable from a relevant Supreme Court precedent but arrive at an opposite result than the Supreme Court. <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000).

12

Additionally, a state court makes an unreasonable application of law if it unreasonably applies the correct rule to the facts presented or unreasonably extends or refuses to extend a particular legal principle. Id. at 406. However, a presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254 (e)(1). As such, the petitioner bears the burden of rebutting this presumption. Id.

In Strickland v. Washington, 466 U.S. 668, 669 (1984), the Court announced a two-prong test that the defendant must satisfy in order to demonstrate a denial of his right to effective assistance of counsel. The first prong requires the defendant to prove that counsel's representation of the defendant fell below an objective standard of reasonableness. Id. at 688. However, there is a strong presumption that an attorney is acting reasonably. Id. at 688-689. The second prong requires the defendant to prove prejudice to his defense. This requires a showing that but for his attorney's error, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

Clements has failed to establish that trial counsel's performance fell below an objective standard of reasonableness or that but for those errors the outcome of his trial would have been different. In claim 3(a) Clements alleges that he was denied effective assistance of counsel because counsel was a friend of the victim, Shannon Funk, and the victim's friend, Jason Lacy. Petitioner alleges that counsel discussed petitioner's case and defense with Lacy, and thus caused a conflict of interest. However, the Supreme Court of Virginia found this claim without merit. The record, including the affidavit of counsel, demonstrates that counsel did not know the victim and although he had previously represented Lacy on unrelated matters, he never discussed petitioner's case with Lacy. As petitioner has offered no evidence to support his claim that

13

counsel was deficient or that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 3(a).

In claim 3(b) and (k), Clements alleges that trial counsel and sentencing counsel were ineffective in that they did not move to suppress photographs taken of the petitioner's apartment or cat. The Supreme Court of Virginia found this motion was without merit and that trial counsel's decision not to object to the introduction of the photographs was a trial strategy designed to allow for the impeachment of the complaining witness. Additionally, sentencing counsel did not become involved in the trial until after Clements had already been found guilty. Accordingly, Clements is clearly unable to establish that had his attorneys made these motions the outcome of his trial would have been different. Therefore, I will grant respondent's motion to dismiss claims 3(b) and (k).

In claim 3(c), petitioner claims that trial counsel was ineffective because he failed to meet with the petitioner except on the day before the trial. On review of the record it is clear that petitioner met with counsel on numerous occasions, and as indicated by petitioner's own testimony to the trial court, the two had ample time to discuss the case. Accordingly, this claim is without merit.

In claim 3(d), Clements alleges that trial counsel submitted into evidence a transcript of an interview between petitioner and a police investigator which had been altered. The Supreme Court of Virginia found that the record reflected that there was no indication that the transcript had been altered. As Clements has offered no evidence to support his claim that the transcript was altered or that the Supreme Court of Virginia made an unreasonable application of federal

14

law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 3(d).

In claim 3(e), petitioner alleges that trial counsel was ineffective in that he failed to object when the Commonwealth interjected information concerning charges pending in Lynchburg, Virginia into the instant trial. The record reflects that petitioner testified that he never "knowingly" kept a runaway in his home. In response to that testimony, the prosecutor questioned petitioner regarding the charges pending in Lynchburg which involved the petitioner's housing a runaway. Petitioner testified that those charges had been dismissed and counsel objected to any further questioning on the issue. As petitioner testified that he did not knowingly house a runaway, a question regarding charges which accused him of doing such clearly are a legitimate line of questioning. Additionally, as counsel did object to the continued line of questioning this claim is without merit.

In claim 3(f), Clements alleges that he was denied effective assistance of counsel because counsel claimed to have possession of a letter related to petitioner's pending criminal matter in Lynchburg, although counsel did not represent petitioner in that matter. The Supreme Court of Virginia found that this claim was insufficient to establish that counsel's performance was deficient nor that but for counsel's alleges failure the outcome of the trial would have been different. After petitioner was convicted, but before he was sentenced, petitioner produced a letter, allegedly written by the victim, which recanted her trial testimony. In response, the prosecutor produced the testimony of the mother of the victim in the Lynchburg case who testified that a similar letter, allegedly written by the victim and recanting her testimony, had been penned in that case. At that time, the court expressed an interest in both letters and counsel

15

acknowledged that he had a copy of the Lynchburg letter. Regardless, as petitioner had already been found guilty, counsel's statements regarding possession of a letter could not have affected the outcome of the trial. Thus, I will grant respondent's motion to dismiss as to this claim.

In claim 3(g), Clements claims that he was denied effective assistance of counsel because counsel failed to object to the Commonwealth's misstatements of facts including statements that petitioner was charged with three abductions and sexual assault, when no such charges were actually brought. The Supreme Court of Virginia found that these statements were made in the prosecutor's opening remarks, were supported by the evidence, and thus, were not objectionable. As Clements has failed to produce any evidence which established that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 3(g).

In claim 3(h) and 3(j), petitioner alleges that counsel was ineffective in that he failed to introduce medical reports, photographs of petitioner's injuries, and photographs of petitioner's car in a ditch which may have impeached the victim. The record reflects that both Deputy Emerson and petitioner testified about the petitioner's injuries, thus there was some evidence of petitioner's version of the incident. Additionally, Clements has failed to provide the photographs or establish how those photographs or the medical reports would have affected the outcome of his trial. Accordingly, I will grant respondent's motion to dismiss claim 3(h).

In claim 3(i), petitioner alleges that trial counsel failed to call valuable witnesses who could have impeached the victim's testimony and changed the outcome of the trial . However, Clements has failed to identify those witnesses, provide any evidence or affidavits as to the substance of the unidentified witnesses' testimony, or identify how such testimony would have

16

changed the outcome of the trial. Accordingly, I will grant respondent's motion to dismiss claim 3(i).

In claim 3(l), Clements alleges that sentencing counsel was ineffective in that he failed to move the court at sentencing to reveal the test results of the voicemail tape which could have impeached the testimony of the victim. Petitioner has not stated the alleged substance of the tape or how it would have changed the outcome of the trial. Furthermore, as petitioner had already been found guilty, clearly the test results could not have changed the outcome of the trial. Accordingly, I will grant respondent's motion to dismiss claim 3(l).

In claim 3(m), petitioner alleges that he was denied effective assistance of sentencing counsel because counsel informed the petitioner that the judge told counsel the petitioner would receive a more lenient sentence if he accepted responsibility for the charges and counsel gave him a script to recite at the sentencing hearing. The Supreme Court of Virginia found that this claim was without merit as the record reflects that counsel did not inform the petitioner that the judge would impose a low sentence if he accepted responsibility, but only told the petitioner that judges tend to appreciate a defendant's acceptance of responsibility, and that no transcript was in fact provided to the petitioner. As petitioner has not presented any evidence to establish that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 3(m).

Additionally, in claim 3(m) petitioner claims that the sentencing date was changed without the petitioner's knowledge. Petitioner has not established how changing the date of the sentencing hearing affected the outcome of the trial. Accordingly, I will grant respondent's

17

motion to dismiss as to this issue.

In claim 3(n), petitioner alleges that trial counsel was ineffective in that he failed to educate himself as to petitioner's criminal history, which therefore permitted the trial court, at a bond hearing after his conviction, but before sentencing, to accuse petitioner of offenses with which he was never tried and thus slander his character. The Supreme Court of Virginia found that his claim was moot as petitioner is currently incarcerated pursuant to his conviction and sentence. As petitioner has not presented any evidence to establish that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 3(n).

In claim 3(o), Clements alleges that he was denied effective assistance of trial counsel because counsel failed to present evidence that the victim provided two different statements to the police. The record reflects that the victim was interviewed twice, however there is no evidence to support petitioner's contentions regarding the outcome or content of those interviews. Accordingly, I find that this claim is without merit and will grant respondent's motion to dismiss claim 3(o).

In claim 3(p), petitioner claims that trial counsel was ineffective in that he failed to object to the trial court's comment that petitioner's act of hitting the victim with a bottle constituted rape, when such a statement does not comport with the statutory definition of rape. The record clearly reflects that the court indicated that petitioner hit the victim with a bottle to facilitate and/or render the victim more susceptible to the attempted rape which occurred immediately thereafter when petitioner forced himself on the victim, pulled her hair, and attempted to remove her pants. Accordingly, it is clear that the trial court did not mistake hitting a person with a bottle

18

as attempted rape, thus this claim is without merit and I will grant respondent's motion to dismiss claim 3(p).

In claim 3(q), Clements alleges that he was denied effective assistance of trial counsel because counsel failed, during the reconsideration hearing, to raise the issue of whether the offense actually occurred in Campbell County. The record reflects that testimony clearly established that the crime did occur in Campbell County. Additionally, petitioner has failed to present any evidence to establish that had counsel again raised this issue the outcome of his trial would have been different. Accordingly, I will grant respondent's motion to dismiss claim 3(q).

In claim 3(r), petitioner alleges that counsel was ineffective in that he failed to raise the issue of double jeopardy as to abduction and attempted rape. As the crimes of which petitioner was convicted have different elements and as the detention and transportation involved in the abduction are greater than that necessary to commit the attempted rape, there was clearly no basis on which to object, therefore Clements is unable to show that had counsel objected the outcome of his trial would have been different. Accordingly, I will grant respondent's motion to dismiss claim 3(r).

In claim 3(s), Clements alleges that he was denied effective assistance of counsel because counsel failed to complain as to police handling of the knife or to submit the knife for testing. Petitioner claims that the knife would have revealed fingerprints or blood evidence to exonerate him. The record indicates that in an initial search of petitioner's car for the knife, police were unable to locate it, but subsequently petitioner discovered the knife, allegedly in the car, and handled it profusely before relinquishing possession to the officers. Counsel determined that testing would not be beneficial as petitioner had handled the knife. Petitioner has not presented

19

any evidence which establishes that had counsel had the knife tested the outcome of his trial would have been different. Accordingly, I will grant respondent's motion to dismiss claim 3(s).

In claim 3(t), petitioner claims that sentencing counsel was ineffective in that he failed to move the court for investigation or dismissal when the petitioner identified the person he claimed was with the victim on the night of the incident. The record indicates that petitioner informed sentencing counsel he had seen the victim's alleged accomplice, but could not identify him. Additionally, petitioner has not presented any evidence to suggest that had counsel so moved the court, the outcome of his trial would have been different. Accordingly, I will grant respondent's motion to dismiss claim 3(t).

### C.    Claim 4

In claim 4, Clements raises numerous allegations of abuse of discretion by the trial court. However, as I find that claims 4(a), 4(b), 4(d), 4(e), a portion of 4(f), 4(g), a portion of 4(i), 4(j), 4(k), 4(l), 4(m), 4(n), and 4(p) could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these claims.

In claim 4(c), petitioner alleges that the trial court erred in admitting the testimony of Patrick Fendlay, the mother of the victim in the Lynchburg case, because such testimony was irrelevant to the instant case and lacked reliability. Fendlay testified regarding a letter, allegedly written by the victim in the Lynchburg case, which recanted her trial testimony, after a similar letter was produced by the petitioner, again allegedly written by the victim, following his

20

conviction in the Campbell County case. Clements's counsel produced the Lynchburg letter, thus the court determined that the information was reliable and heard evidence related to that letter and the Campbell County letter. The Supreme Court of Virginia determined that as petitioner had produced exculpatory letters, purportedly written by the victims, after both convictions such evidence was properly considered. Clements has failed to produce any evidence which established that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on this claim. Accordingly, I will grant respondent's motion to dismiss claim 4(c).

In claims 4(f) and f(i), petitioner alleges that the trial court erred in finding the petitioner guilty of both attempted rape and abduction. The Supreme Court of Virginia found that as the petitioner never presented that issue in his motion to strike or in the closing argument, under procedural rule 5A:18 it was barred from consideration. As noted above, when a state court has expressly dismissed a claim based on an adequate and independent state law ground, such as procedural default, federal review of that claim is barred, absent a showing of either cause for the default and resulting prejudice or actual innocence. See Murray, 477 U.S. at 495-96 (1986). Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, accordingly I will grant the respondent's motion to dismiss as to these claims.

In claim 4(h), Clements alleges that the evidence presented at trial was insufficient to prove abduction with intent to defile because there was no evidence of any sexual crime or misconduct. The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the right to a fair trial and requires the prosecution to prove each element of the crime

21

beyond a reasonable doubt. On review of a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original).

Clements claims that the government failed to produce any evidence to establish that he abducted the victim with the intent to defile her. However, the government produced testimony from the victim that Clements had driven the victim to his apartment, kissed her, and asked for sex. When the victim refused, Clements threatened her with a knife and a struggle ensued. Thereafter, Clements offered to drive the victim back to the restaurant and she accepted. However, instead of taking her to the agreed location, he drove her to a deserted area. Viewing the evidence in the light most favorable to the Commonwealth, I find that a rational trier of fact could find beyond a reasonable doubt that Clements tricked the victim into getting into the car and his actual intent was proven by his previous sexual advances. Therefore, I grant the respondent's motion to dismiss petitioner's claim 4(h).

In claim 4(o), Clements alleges that the trial judge abused his discretion by reviewing photographs of the petitioner's bedspread. As petitioner failed to raise this claim during his state habeas proceedings and such claims would now be barred pursuant to Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2) these claims are procedurally defaulted. Also, as petitioner has not established cause and prejudice or actual innocence to excuse the default, I will grant respondents motion to dismiss as to this claim.

**D.      Claim 5 and 6**

In claim 5, petitioner alleges that the constitutional prohibition of double jeopardy was violated when the same elements were used to charge and convict the petitioner of abduction with intent to defile and attempted rape. In claim 6, petitioner alleges that Investigator Scott made an unconstitutional search of petitioner's apartment. As I find that these claims could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

### E. Claim 7

In claim 7, Clements contends that Patrick Fendlay, the Lynchburg victim's mother, wrote a threatening letter to the petitioner which indicated that her money got the petitioner convicted. The Supreme Court of Virginia found that the record reflects that Deputy Darrell Glenn Dowdy investigated the letter and discredited this allegation of bribery. Clements has offered no evidence to support his claim that Fendlay actually wrote the letter, that she bribed any parties, or that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 7.

### F. Claim 8

In claim 8, petitioner alleges that there was a speedy trial violation in that there was a six month lapse between the preliminary hearing and the trial. As I find that this claim could have been raised on direct appeal, but was not, and because I have found that Clements has not

presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to this issue.

### G.     Claim 9

In claim 9, Clements alleges that the Commonwealth established that the crime occurred in Bedford County rather than Campbell County, thus the Campbell County Circuit Court did not have jurisdiction over the matter. The Supreme Court of Virginia found that as the testimony clearly established that venue was proper in Campbell County, this claim was without merit. As Clements has offered no evidence to support his claim that the crime actually occurred in Bedford or that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim, I will grant respondent's motion to dismiss claim 9.

### H.     Claims 10 through 13

In claim 10 and 11, Clements alleges that the police mishandled the knife which was used to attack the petitioner and that the trial judge erred in admitting evidence of charges from the Lynchburg case. In claims 12 and 13, petitioner alleges that Patrick Fendlay, the victim, and Investigator Scott presented perjured testimony and that the prosecutor withheld the test results concerning the voicemail tape recording. As I find that these claims could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

24

## I.      Claim 14

In claim 14, Clements makes numerous allegations of the tampering with or fabrication of physical evidence during the trial. In claim 14(a), petitioner claims that Investigator Scott altered the transcript of petitioner's interview and that the altered transcript was then introduced during trial. The Supreme Court of Virginia found that this claim was without merit as the record clearly indicated that no alteration of the transcript was made. Clements has failed to produce any evidence to support his claim that the transcript was in fact altered or that the Supreme Court of Virginia made an unreasonable application of federal law or determination of the facts in denying him relief on these claim. Accordingly, I will grant respondent's motion to dismiss claim 14(a).

Respondent alleges that petitioner's claims 14(b), 14(c), 14(d), and 14(e) are all procedurally defaulted. As I find that these claim could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

In Claim 14(f) petitioner alleges that his signature was forged on the continuance agreements and orders. However, petitioner did not raise this issue in his first habeas petition. However, he raised it in the second petition in the Supreme Court of Virginia. The court rejected that petition under Virginia Code § 8.01-654(A)(2) as untimely. As this constitutes an adequate and independent state law ground, and as petitioner has failed to demonstrate cause and prejudice or actual innocence to excuse that default, I will grant respondent's motion to dismiss.

**J.     Claim 15**

In claim 15, Clements alleges that Investigator Scott visited petitioner while he was incarcerated, instructed him on what to write, and when petitioner refused to write what he was instructed Scott assaulted him. As I find that these claims could have been raised on direct appeal, but were not, and because I have found that Clements has not presented evidence to establish cause and prejudice or actual innocence to excuse such default, I will grant the respondent's motion to dismiss as to these issues.

**K.     Claim 16**

In claim 16, petitioner alleges that Investigator Scott interviewed the victim twice, but offered misleading testimony at trial as to the location and reason for such interviews. As petitioner failed to raise these claims during his state habeas proceedings and such claims would now be barred pursuant to Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2) these claims are procedurally defaulted. Also, as petitioner has not established cause and prejudice or actual innocence to excuse  the default, I will grant respondents motion to dismiss as to these claims.

**III.     Conclusion**

Based on the foregoing, I will grant the motion to dismiss in its entirety.  Accordingly, an appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a

26

certificate of appealability, pursuant to 28 U.S.C. §2253(c).  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1).  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 537 U.S. 322  (2003); Slack v. McDaniel, 529 U.S. 473 (2000).   If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).   The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER:  This 27th day of July, 2005.

Senior United States District Judge

27